IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | 1:25-CR-00071-JMS-1 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CRIMINAL SCHEDULING ORDER |
| vs. | ) | |
| DEVAN CAULK, | ) | |
| Defendant. | ) | |

# **CRIMINAL SCHEDULING ORDER**

Pursuant to Criminal Local Rule 2.1, IT IS HEREBY ORDERED:

**1.** Jury trial in this matter will begin at 9:00 AM on September 30, 2025 before the Honorable J. MICHAEL SEABRIGHT, United States District Judge.

**2.** A trial conference is set for September 18, 2025, at 10:00 AM before United States District Judge J. Michael Seabright.

  a. <u>Trial Presentation Statement</u> - The joint trial presentation statement is due September 11, 2025.

**3.** Motions, other than motions in limine, are due on August 19, 2025, and responses are due on August 26, 2025.

**4.** <u>Rule 16 Discovery Conference Deadline</u> - No later than August 18, 2025, the attorney for the government and the defendant's attorney shall confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16.

**5.**     <u>Fed. R. Evid. 404(b)</u> - The United States shall serve upon opposing counsel and file with the Court by August 26, 2025 a written statement of intent to use evidence of any Defendant's acts covered by Fed. R. of Evid. 404(b).  Defendants shall oppose the use of such evidence by filing motions in limine as hereafter provided.

**6.**     <u>Motions in limine</u> -

   a.     All motions in limine shall be filed with the Court and served upon opposing counsel by September 2, 2025.

   b.     Memoranda in opposition to any motions in limine shall be filed with the Court and served upon opposing counsel by September 9, 2025.

**7.**     <u>Brady and Giglio Material</u> - The United States shall complete its production of evidence favorable to the Defendant on the issue of guilt or punishment, as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and related authorities and impeachment material, cooperation agreements, plea agreements, promises of leniency and records of criminal convictions, required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and its progeny to defendants herein as required by law but in no event later than September 9, 2025.  The United States is under a continuing obligation to produce <u>Brady</u> and <u>Giglio</u> material which may come into its possession right through the trial of this matter.

**8.**     <u>Jury Instructions</u> -

   a.     Jury instructions shall be prepared and submitted in accordance with CrimL30.1.  The parties shall serve upon each other a set of proposed jury instructions on or before September 2, 2025.  The proposed instructions shall include an "elements which must be proven by the prosecution" instruction for each offense charged and proposed language to fill in the charge and elements of the crime blanks of 9TH CIR. CRIM. JURY

INSTR. 1.02 (1995).

    b.    The parties shall thereafter meet and confer for the purpose of preparing one complete set of agreed upon jury instructions.  The jury instructions which are agreed upon shall be filed with the Court by September 9, 2025.

    c.    Supplemental instructions which are not agreed upon and a concise argument supporting the appropriateness of the proposed instruction shall be filed with the Court.  All objections to the non-agreed upon instructions shall be in writing and filed. All filings shall be completed by September 9, 2025.

**9.**    <u>Witnesses</u> - Pursuant to stipulation by all parties, each party shall serve upon opposing counsel and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial in each respective case-in-chief by September 23, 2025.

**10.**    <u>Expert Disclosures</u> - When so requested by either the United States or the defendant pursuant to Fed. R. Crim. P. 16(a)(1)(G)(i) and 16(b)(1)(C)(i), the party(s) must make expert witness disclosures in accordance with the requirements of Fed. R. Crim. 16(a)(1)(G) and Fed. R. Crim. P. 16(b)(1)(c), at the time(s) and in the sequence as ordered by the Court. Absent a stipulation or court order, the time to disclose expert witnesses is as follows:

    a.    On or before September 2, 2025.

    b.    If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Crim. P. 16(a)(1)(G) or 16(b)(1), disclosure is required September 9, 2025.

11. <u>Exhibits</u> -

   a. The parties shall meet and exchange copies or, when appropriate, make available for inspection all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal. Upon request, a party shall make the exhibit or the underlying documents of any exhibit available for inspection and copying. The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits no later than September 24, 2025.

   b. The Exhibit List, original set of exhibits (tabbed and in binders), and two copies of exhibits (tabbed in binders) shall be submitted to the Court by September 24, 2025.

   c. A thumb drive containing an electronic version/copy of all exhibits shall be submitted to the Court by September 24, 2025 if using Jury Evidence Recording System (JERS).

12. <u>Stipulations</u> - Stipulations shall be in writing and shall be filed with the Court by September 23, 2025.

13. <u>Voir Dire Questions</u> - The parties shall prepare in writing and submit to the Court any special voir dire inquiries they wish the judge to ask the jury panel by September 16, 2025.

14. <u>Trial Briefs</u> - Each party shall serve upon opposing counsel and file with the Court by September 16, 2025 a trial brief on all significant disputed issues of law, including foreseeable procedure and evidentiary issues, setting forth briefly the party's position and

supporting arguments and authorities. If a defendant objects to the filing of a full trial brief because such a filing would disclose a theory of defense, that defendant shall file a trial brief stating such objection and briefing the Court on matters not covered by such objection.

**15.**     Jencks Disclosures - Disclosures shall be provided as required by law pursuant to the Jencks Act (18 U.S.C. §3500), but are expected by the Court by September 26, 2025.

**16.**     Other Matters - (RESERVED)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 1, 2025.



Wes Reber Porter
United States Magistrate Judge