Salina M. Kanai  #8096
Federal Public Defender
District of Hawaii
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:   (808) 541-2521
Facsimile:   (808) 541-3545
Email:       salina_kanai@fd.org

Attorney for Defendant
Devan Caulk

In the United States District Court

For the District of Hawaiʻi

| United States of America, | ) | Cr. No. 25-00071 JMS |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Defendant Caulk's Sentencing |
| | ) | Memorandum; Exhibits A to B; |
| vs. | ) | Certificate of Services |
| | ) | |
| Devan Caulk, | ) | Date:   02/09/2026 |
| | ) | Time:  1:30 p.m. |
| Defendant. | ) | Judge: Hon. J. Michael Seabright |
| | ) | |
| | ) | |

**Defendant Caulk's Sentencing Memorandum**

This is a rare case where the government, the defense, and U.S. Probation are all in agreement in recommending the same sentence, a downward variance to 180 months' incarceration. All three parties agree that 15 years of incarceration for Devan Caulk, a young adult only a couple of years removed from being a teenager, is the sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. The Court should agree with the parties.

**The Nature and Circumstances of the Offense**

Production of Child Sex Abuse Material (CSAM) is one of the most harshly penalized crimes in the federal code, and for good reason. The psychological (sometimes physical) damage done to minor victims in such cases can be lasting and have ripple effects. Even if the victims are never physically touched by a perpetrator, the damage to their mental health and the emotional trauma inflicted can be as profound as a physical assault.

And sextortion, which is what Devan did, is just as troubling. It is terribly painful to even read the descriptions of what happened here. The threatening language Devan used was ugly, and the victims' messages make palpable the fear and emotional toll they experienced.

The harm of CSAM is compounding, because the victims are re-traumatized each time the material is shared online, repeatedly perpetuating their suffering. And, while acknowledging the abhorrent nature of what Devan did, if there is one mitigating thing that can be said about the sextortion, it is that Devan did *not* follow-through with the threats he made. The CSAM has never been distributed to a third-party or published generally online. (The 2-level increase for distribution was applied because Devan distributed a screenshot of MV2 back to MV2. (*See* PSR Par. 36.))

Devan has not only accepted responsibility by admitting to investigators what he did and by pleading guilty, he has reflected on his behavior and demonstrates insight into his abhorrent conduct and the lasting harm he caused.

His letter is attached as Exhibit A. Despite having a loving mother, he struggled with feeling out of control of his own life. He often felt frustrated and worthless because of these struggles. He has come to recognize that he sexually threatened young girls in a vain effort to feel empowered. Dealing with life's difficulties without adequate coping skills can manifest in a myriad of unhealthy, destructive, and sometimes criminal ways. Some of the more typical manifestations include drug abuse and the development of personality disorders. Obviously, Devan tried to cope with his own self-esteem issues in one of the most awful ways imaginable because of its destructive impact on others. But he has given thought to where this behavior was derived from, and he has shown genuine remorse for his victims and shame about what he did. His contrition and burgeoning insight are strong indications that he can successfully address underlying issues through appropriate sex offender treatment.

**Devan Caulk's History and Characteristics**

At 21 years old, Devan is one of the youngest inmates housed at the FDC Honolulu. His boyish looks and round face give him the appearance of someone even younger than he is. According to the Bureau of Prisons' statistics (available at https://www.bop.gov/about/statistics/statistics_inmate_age.jsp), less than 1% of federal inmates are his age or younger.



Why is this important? Because young folks – especially young *males* – often make incredibly dumb, destructive, and even criminal choices because their brains, particularly the prefrontal cortex, have not fully developed. The prefrontal cortex of the brain – responsible for executive functions like exercising good judgment and the moderation of correct behavior – is one of the last regions of the brain to reach maturation, and it doesn't fully develop in males until the age of 25. https://pmc.ncbi.nlm.nih.gov/articles/PMC3621648/ (last visited Jan. 28, 2026). And a dumb, destructive, and criminal choice that hurts people, while calling for serious punishment, should *not* correspond to a sentence that would amount to more time than Devan has even been alive. A sentence near the guideline range (even the low-end is over 24 years) would do just that and would means that Devan would be approaching middle age when he is finally released from custody.

USSG §5H1.1, the Guidelines' age policy statement, was amended in April of 2024 by a unanimous U.S. Sentencing Commission. The 2025 version of the U.S. Sentencing Guidelines deleted §5H1.1, because it deleted all downward departures

(save for 5K1.1). But the rationale behind it is still solid, and Devan's youth at the time of the offense should be a major consideration for the Court when assessing the appropriateness of a §3553(a) variance. The policy statement speaks of certain risk factors that may affect a youthful individual's development into their mid-20s and contribute to involvement in the criminal justice system; that youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. That these principles are recognized even for someone into their mid-20s demonstrates that the Sentencing Commission understands the science behind the developing brain. In §5H1.1, the Sentencing Commission also correctly recognized that youthful individuals are typically more amenable to rehabilitation. Devan has shown that he is amenable to rehabilitation, and he is a resilient and bright person who can come back from his crime.

     First, Devan was not immune from the emotional and mental health tolls that the pandemic exacted on millions of people. He was in tenth grade when the lockdown occurred and life as we know it went almost fully digital. Traditional methods of education and socializing were not possible. As Devan explains, he felt no investment in his classes or connection to his teachers or fellow classmates. Isolated and with nothing constructive happening in his life, he failed his entire junior year. But upon learning that Campbell High School was providing in-person classes, he switched schools and, bolstered by in-person learning, he was able to successfully graduate high school on time.

Second, Devan now has awareness of and growing insight into the mental health issues which have plagued him since childhood. Those mental health issues undoubtedly had affected his criminal choices. ████████████████████ ████████████████████████ His attempts at counseling thereafter did not last long; but in hindsight, he understands that medication (which he is currently on) is critical for his well-being. He also understands that mental health is a moving target and that dialing in his medications and connecting with therapy take both time and commitment.

Third, while Devan certainly did not have the most ideal childhood, there is no doubt that he is very much loved by his family, especially his mother, half-brother, and aunties. His prosocial community ties will certainly assist him to comply with future supervision and treatment. Several letters in support of Devan are submitted and attached as Exhibit B.

The bond that Devan has with his half-brother, ████████ is strong. At the change of plea hearing, counsel chatted with ████████, who is a smart, curious and outgoing child. ████████ was extremely excited at the prospect of seeing his older brother for the first time in months. Before Your Honor came out on the bench, from inside the well and across the gallery, the two brothers quietly played jan ken po with each other. Unable to hug or talk to each other, they managed to communicate silently in a joyful way. The love and affection they have for each other is plainly evident. His mother and aunty write that Devan was much more than just a brother to ████████; he was almost a quasi-parent:

As an older brother my nephew is loving, kind, gentle, and protective. When we went to the beach he made sure his little brother ▇ was always safe in the water. Devan would go with ▇ in the water and supervise him to ensure nothing happened to him.  Devan's interaction with his little brother reminds me of the close bond I have with my siblings, like looking out for each other. I can remember when ▇ was tired of walking, so Devan carried him the rest of the way until we had lunch. That just warmed my heart when I saw that.

> *See* Letter of Aunty Alma-Clarise Agrigado

Devan loves both his brothers and on numerous occasions have called them his best friends. He would do anything and everything he could to help his brothers. In October of 2018, his older brother ▇ fell at school and suffered a concussion and was admitted into the hospital. Devan was there at the hospital every day to visit his brother. He would also help watch his younger brother ▇ so I could stay overnight at the hospital. I could always depend on Devan to help watch ▇ when I needed it. I work crazy hours, and Devan would walk his brother to school, pick him up, help him with his homework, make sure he ate and played video games with him. In December 2024, ▇ was invited to his first birthday party at Kid's City by one of his classmates. My husband and I were nervous to let him go to the party, but Devan volunteered to go with him to make sure everything was okay and to ease our nerves. Devan would attend ▇ school assemblies and family nights with us.

> *See* Letter of Mother, Yvonna Agrigado

 

*Devan and* ▇

Devan is not only a good brother, by all accounts, he was also an amazing grandson, spending time with his grandparents to make sure they were not alone. He recently lost them within a few years of each other, which took a significant toll on his emotional stability, according to another aunt.

It doesn't take long for Devan's bright, but self-deprecating personality to shine through upon conversing with him for just a few minutes. Despite the challenging future he faces in custody, he is constantly smiling and has a good sense of humor. It's hard to believe that he is capable of what he did in this case. But of course, good people can do bad things. Devan has committed a serious crime with real victims, for which he will be imprisoned for at least 15 years. But as serious as

his crime was, it does not perpetually define his character, and with treatment and counseling, Devan is someone who can reintegrate successfully into the community. There is something about the anonymity and distance the internet provides that can turn a person into something they aren't in "real life." Devan behaved monstrously, but he is not a monster, and 15 years is the appropriate sentence.

    Dated: Honolulu, Hawaii, February 4, 2026.

                                     /s/ Salina M. Kanai
                                     Salina M. Kanai
                                     Attorney for Defendant
                                     Devan Caulk

**Certificate of Service**

I, Salina M. Kanai, hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served electronically through CM/ECF:

    Jeannette S. Graviss
    Assistant United States Attorney
        Attorney for Plaintiff
        UNITED STATES OF AMERICA

Served via e-mail:

    Sara Nieling               sara_nieling@hip.uscourts.gov
    United States Probation Officer
    300 Ala Moana Boulevard, Room 2300
    Honolulu, Hawaii  96850

DATED:  Honolulu, Hawaii, February 4, 2026.

                                       /s/ Salina M. Kanai
                                      Salina M. Kanai
                                      Attorney for Defendant
                                      Devan Caulk